FILED ——— ENTERED
LODGED ——— RECEIVED

DEC 1 0 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

07-CV-00432-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD SPRUEL, | ) | |
| Plaintiff, | ) | CASE NO.   C07-432-MJP |
| v. | ) | |
| STATE OF WASHINGTON, | ) | ORDER OF DISMISSAL |
| Defendant. | ) | |

The Court, having reviewed the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, Plaintiff's objections, declaration, supplemental appendices, and the balance of the record, does hereby find and ORDER:

(1)    The Court adopts the Report and Recommendation.

(2)    Plaintiff cannot maintain a cause of action against the State of Washington under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 63 (1989) (holding that "a State is not a person within the meaning of § 1983"); De Nieva v. Reyes, 966 F.2d 480, 483 (9th Cir. 1992). Plaintiff argues that he may sue the State of Washington for injunctive relief. Although the Supreme Court has held that state officials sued for injunctive relief in their official capacities are "persons" subject to liability under § 1983, see Will, 491 U.S. at 71 n.10 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against

ORDER OF DISMISSAL

1   the State."), Plaintiff has not cited and the Court is not aware of any legal authority for

2   the proposition that a state, when sued for injunctive relief, is a person under § 1983.

3   See In Re Harleson, 331 F.3d 699, 701 (9th Cir. 2003). "Under the Eleventh

4   Amendment, a state is immune from suit under state or federal law by private parties

5   in federal court absent a valid abrogation of that immunity or an express waiver by the

6   state." Id. Because the State of Washington has not waived its Eleventh Amendment

7   immunity, Whiteside v. Washington, 534 F. Supp. 774 (E.D. Wa. 1982), Plaintiff may

8   not maintain a § 1983 suit for monetary damages or injunctive relief against the state.

9   (3)   Plaintiff has not objected to Magistrate Judge Donohue's conclusion that his claims

10        challenging his prior criminal proceedings are barred by Heck v. Humphrey, 512 U.S.

11        477 (1994).

12  (4)   Because he has failed to state a claim on which relief may be granted, Plaintiff's

13        complaint (Dkt. No. 5), and this action, are DISMISSED without prejudice pursuant to

14        28 U.S.C. § 1915(e)(2)(B).

15  (5)   In his supplemental filings, Plaintiff states several additional grievances he has with

16        the King County Jail. Because the Court dismisses his complaint, the Court will not

17        consider these additional allegations.

18  (6)   The Clerk is directed to send copies of this Order to plaintiff and to the Honorable

19        James P. Donohue.

20  DATED this  _10_  day of  _Dec._____, 2007.

21

22

23        MARSHA J. PECHMAN
          United States District Judge

24

25

26  ORDER OF DISMISSAL